## SOUTHERN RAILWAY COMPANY *v.* SHEPPARD, DAVIS & NIX *et al.*

There was no evidence to support the verdict, and it is set aside upon that ground.

JULY 19, 1913.

Equitable petition. Before Judge Walker. Gwinnett superior court. July 12, 1912.

*John J. & Roy M. Strickland, E. O. Dobbs,* and *D. M. Byrd,* for plaintiff. *W. W. Stark,* for defendants.

BECK, J. The Southern Railway Company, being indebted to the Wooley Tie Company (hereinafter called the Tie Company) in the sum of $2,186.98 for cross-ties bought, filed its petition against the Tie Company and other parties, including Sheppard, Davis & Nix, alleging, that the Railway Company had bought the ties from the Tie Company but that the other parties defendant were making demands and bringing suits against the Railway Company for ties which had been delivered upon its right-of-way; that while it owed the Tie Company the amount before stated, it was all for ties; and that if any part of this money should be adjudged to be due to the parties who were making demands upon it for the payment for ties, petitioner was ready to pay the money over to them. It prayed for interpleader between the Tie Company and the other claimants of the fund. In their plea and answer Sheppard, Davis & Nix set up two reasons why the plaintiff was liable to them for the amount of their claim: First, because the Tie Company, at a time when it had money in the hands of the Railway Company, gave defendants an order upon the Railway Company (which order is hereinafter set forth) for the amount of their claim,

$223.60, and this order amounted to an equitable assignment of that much of the funds in the hands of the plaintiff belonging to the Tie Company; and second, because the Railway Company not only took and used the cross-ties after notice not to do so without paying defendants for them, but removed and appropriated them after the filing of this suit.

The case was referred to an auditor, to whose report certain exceptions were filed; among others, the Railway Company excepted to his finding that Sheppard, Davis & Nix were entitled to recover of the Railway Company $223.60, in which sum he found the Railway Company indebted to Sheppard, Davis & Nix upon a quantum meruit for ties which had been delivered upon the railroad right-of-way and taken possession of and used by the Railway Company. This exception was allowed by the court; and it was agreed between the parties that the judge should hear the evidence "and direct a verdict as he might think advisable under the evidence. Under this authority the presiding judge directed a verdict in favor of Sheppard, Davis & Nix against the Southern Railway Company for the amount of their order." The Southern Railway Company moved for a new trial upon the grounds that the verdict was contrary to the evidence and without evidence to support it; which motion was overruled, and the movant excepted.

There were many parties to this case, and very probably numerous issues, but the sole issue brought to this court for review was the question as to whether or not the Southern Railway Company was indebted to Sheppard, Davis & Nix in the sum of $223.60 for cross-ties, no question as to the plaintiff's right to have the defendants interplead being raised. The contention of the Railway Company is that it bought from the Tie Company the cross-ties for the purchase-price of which Sheppard, Davis & Nix are contending, and had no dealings with Sheppard, Davis & Nix in reference to the purchase of the cross-ties, but that on the contrary Sheppard, Davis & Nix had sold them to the Tie Company and they were resold by that company to the Railway Company and delivered to the latter company upon its right-of-way. The jury, under the direction of the judge, found against the Railway Company upon this issue; and the question is, was there any evidence to support the verdict?

After a careful consideration of the evidence in the record, we

are unable to find testimony supporting this verdict. The testimony of P. L. Wooley, a member of the firm of the Wooley Tie Company, was to the effect that while he may not have had any direct transactions in his own person with the original owners of the cross-ties, the persons who went out and procured them from the owners were the agents of his company. And the reading of the entire testimony of P. L. Wooley shows that his company was the purchaser of the ties. And that the Tie Company should be the purchaser of the ties and deliver them to the Railway Company was in consonance with the contract which the Railway Company had made with the Tie Company. Of course the terms of this contract were not binding upon Sheppard, Davis & Nix; it is merely referred to as showing that the testimony of P. L. Wooley in reference to the purchase of the ties from the first owners was in accord with the scheme contemplated in the contract. If this testimony of P. L. Wooley is contradicted in any respect, it is by the testimony of L. L. Davis, a member of the firm of Sheppard, Davis & Nix. His testimony in substance was as follows: "I received this letter from Mr. Fink, Tie and Timber Agent, Southern Railway. I notified this same man not to move those ties. Those ties have been hauled off since the suit was started. I gave notice not to move them. I don't remember the exact time the Southern Railway Company took them, but after notice was given them not to move them. The Wooley Tie Company gave me this order, copy of which is attached to my answer. I don't remember to have had transactions with the Wooley Tie Co. under that system. We had done business with the Southern Crosstie Co. The Southern Crosstie Co. is the one I dealt with. I don't think Wooley ever came to our town. I don't remember to ever have seen him there. At any rate, he gave me this order, and at that time the ties were on the railroad track, and the moving of the same was after that—after I had taken this order and the railroad refused to accept it. I thought I was dealing with the Southern Tie Co. I had been." The order just referred to was as follows:

"Atlanta, Ga., July 26th, 1910.

"Mr. W. H. Fink, T. & T. Agt. So. Ry. Washington, D. C.

"Dear Sir: Please deduct from the amount the Southern Railway Company owes us for cross-ties two hundred and twenty-three ($223.60) and 60/100 dollars, and prepare vouchers for this

amount favor Sheppard, Davis & Nix, Commerce, Ga., charging the same to our account, and greatly oblige.

"Very truly yours, Wooley Tie Company."

It will be observed that by this testimony Davis does not positively deny the testimony of P. L. Wooley in reference to the purchase of ties by the Wooley Tie Company. He does say, "I don't remember to have had transactions with the Wooley Tie Company under that system. We had done business with the Southern Crosstie Co. The Southern Crosstie Co. is the one I dealt with." But this very qualified denial of the testimony of Wooley, when considered in connection with the other facts in the record, does not amount to a denial of Wooley's testimony upon the real issue in this case. There is nothing in the record to show that Sheppard, Davis & Nix had any dealings with the Southern Crosstie Company in reference to the lot of ties in question in this case. And the other circumstance in the record, to which we have referred as destroying the force of Mr. Davis's qualified denial of P. L. Wooley's theory of the case, is to be found in other testimony of Davis himself; for he testifies that he took an order (the order set out above) for the payment of the amount of money claimed, $223.60, signed by the Wooley Tie Company. If Sheppard, Davis & Nix really thought, at the time of selling the present lot of ties, that they were dealing with the Southern Crosstie Company (and, it may be noted right here, Davis did not claim in his testimony that he thought he was dealing directly with the Southern Railway Company), they certainly knew when they took the order on Fink, the agent of the Southern Railway Company, that the Wooley Tie Company was the company with which they had been dealing and to which the ties had been sold by them. If they had sold the ties to the Wooley Tie Company under any false impression as to who were the actual purchasers, and that false impression was due to any false and fraudulent representations of the agents of the Wooley Tie Company, they should have repudiated the trade and demanded a redelivery of the ties to them, or instituted legal proceedings to set aside the sale and to secure possession of the ties. But they did not do this, and the mere notice to the Southern Railway Company not to move or use the ties which the latter had purchased from the Tie Company was not enough to render the Railway Company liable upon a quantum meruit for the value of the lot of ties, although it took them and used them.

The auditor in his report declined to pass upon the question whether or not the order for the payment of money given by the Tie Company to the defendants in error amounted to an equitable assignment of the $223.60, inasmuch as under his finding the Railway Company became liable for the payment of the ties upon a quantum meruit, and there is no exception by Sheppard, Davis & Nix to this finding of the auditor; and therefore the question as to whether or not the order referred to did amount to an equitable assignment, so as to entitle the payee in the order to a judgment for that amount, is not involved in the record.

> *Judgment reversed. All the Justices concur.*